UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21871-Civ-SCOLA/BANDSTRA

TRACFONE WIRELESS, INC.,
a Delaware Corporation,

    Plaintiff,

vs.

ISAAC BITTON, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER DIRECTING SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(1), (2)(C)(ii), AND (3)

THIS MATTER is before the Court upon Plaintiff TracFone Wireless, Inc's ("Tracfone") Motion for Order Directing Service of Process Pursuant to Federal Rules of Civil Procedure 4(f)91), (2)(C)(ii), and (3) (ECF No. 17). TracFone brought this action on May 23, 2011 against several defendants, no longer parties to the action, alleging that they engaged in and knowingly facilitated the engagement of others in, the unlawful purchase and resale of TracFone prepaid airtime minutes for use on TracFone's service, as well as the illegal procurement, use, and sale of certain proprietary information in violation of federal and state law. TracFone subsequently discovered the identities of the individuals allegedly perpetrating this scheme, specifically Defendants Isaac Bitton ("Bitton"), a resident of Canada resident, and Trung Truc ("Truc"), a resident of Vietnam. The First Amended Complaint raises claims only against these Defendants.

In the present Motion, TracFone seeks to effect service of process upon the Defendants by four different means: (1) service via international mail to the Quebec Central Authority on Bitton in Canada pursuant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters; (2) service via Fedex directly on both Defendants sent by the Clerk's office pursuant to Rule 4(f)(2)(C)(ii); (3) service via FedEx directly on both Defendants sent by TracFone pursuant to Rule 4(f)(3); and (4)

service via email on Truc in Vietnam by send by TracFone pursuant to Rule 4(f)(3). TracFone also requests that the Court permit it to file a copy of the FedEx "proof of signature" or email delivery confirmation (or substantially equivalent documents) as proof that service has been effectuated via FedEx and email to satisfy the proof of service requirements of Rule 4(l). Finally, TracFone requests that the Court order that Defendants' responses to the First Amended Complaint be due within twenty-one days of receipt of the Summons and Complaint under Rule 12(a)(1)(A). For reasons stated more fully below, TracFone's Motion (ECF No. 17) is **GRANTED**.

## I. RULE 4(f)

Federal Rule of Civil Procedure 4(f) sets forth the procedural requirements for effecting service upon individuals in foreign countries. In relevant part, that Rule provides as follows:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: ...
>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

## II. RULE 4(f)(1) SERVICE ON BITTON IN CANADA

First, TracFone seeks to attempt service via international mail to the Quebec Central Authority on Bitton in Canada pursuant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

Matters (the "Convention").  The Convention, Nov. 15, 1965, 20 U.S.T. 361 [hereinafter Convention], is a multilateral treaty that allows service of process of judicial documents from one signatory state to another without the use of consular and diplomatic channels.  Both the United States and Canada are signatories to the Convention, and it applies to all civil cases where there is an occasion to transmit a judicial document for service abroad.  *See, e.g., Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies."); Status Table, Hague Conference on Private Int'l Law (Jan. 9, 2012), http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (noting Canada's accession to Convention on September 26, 1988).

Article 2 of the Convention provides that each contracting state shall designate a Central Authority that will receive requests for service from other contracting States.  Convention, 20 U.S.T. 361.  The principal method of service under the Convention is through the designated Central Authority.  Additionally, Article 10(a) of the Convention provides that if "the State of destination does not object, the . . . Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad."  *Id.*

The Court observes that many federal circuit and district courts, including this Court and others in the Eleventh Circuit, have held that Article 10(a) permits service by mail unless the recipient State objects to this method.  *See, e.g., Brockmeyer v. May*, 383 F. 3d 798, 802 (9th Cir. 2004) ("Today we join the Second Circuit in holding that the meaning of 'send' in Article 10(a) includes 'serve.'  In doing so, we also join the essentially unanimous view of other member countries of the Hague Convention."); *Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986) (approving service of process by mail under Article 10(a) of Convention); *TracFone Wireless, Inc. v. Sunstrike Int'l, Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011) (directing Clerk to effect service to Hong Kong Central Authority via international express mail pursuant to Rule 4(f)(1) and Convention); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010) (same); *Julien v. Williams*, No. 8:10-CV-2358-T-24, 2010 WL 5174535, at *2 (M.D. Fla. Dec. 15, 2010) (finding Article 10(a) of Convention permits service of process by international mail where not objected to by contracting States and where authorized by forum State); *Conax Fla. Corp. v. Astrium Ltd.*, 499 F. Supp. 2d 1287, 1293 (M.D. Fla. 2007) (holding Article 10(a) of Convention applicable to service of process by mail).  *But see Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002) (holding

Article 10(a) of Convention does not apply to service of process, but only of other judicial documents), *and Bankston v. Toyota Motor Corp.*, 889 F.2d 172, 173–74 (8th Cir. 1989) (same).

Canada has established a Central Authority for each of its provinces, including a Central Authority for Quebec.  *See* Central Authorities (Art. 2 and Art. 18(3)), Hague Conference on Private Int'l Law (Jan. 9, 2012), http://www.hcch.net/upload/auth14_ca.pdf.  Moreover, Canada does not object to Article 10(a) of the Convention regarding the use of postal channels.  *See* Declarations, Articles 5, 8, 10, 11, 12, 15,16, 2, Hague Conference on Private Int'l Law (Jan. 9, 2012), http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn (declaring, in reference to Article 10(a), that "Canada does not object to service by postal channels" and "Canadian law allows the use of postal channels to serve Canadian documents to persons abroad").

Accordingly, the Court finds that directing the Clerk's Office to request that the Quebec Central Authority effect service of on Defendant Bitton pursuant to Rule 4(f)(1) and the Convention is appropriate.  TracFone shall deliver the required documents to the Clerk's office **within seven (7) days of this Order.**  TracFone shall ensure that the Clerk has the requisite prepaid and preaddressed envelopes to carry out the requirements of this Order, as well as the service fee payable to the Ministere des Finances du Quebec.

## III.  RULE 4(f)(2)(c)(2) SERVICE ON BOTH DEFENDANTS

TracFone also seeks to attempt service via Fedex directly on both Defendants sent by the Clerk's office pursuant to Rule 4(f)(2)(C)(ii).  Rule 4(f)(2)(C)(ii) states that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be effected by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt [unless prohibited by the recipient State's law]."  Fed. R. Civ. P. 4(f)(2)(C)(ii).  Essentially, the Rule provides that service may be effected by any form of mail requiring a receipt so long as it is not (1) prohibited by international law, if applicable (i.e. the Convention); or (2) prohibited by the law of the recipient state.

### a.  Service on Bitton in Canada

As stated in the above discussion regarding Rule 4(f)(1), many federal courts have held that Article 10(a) of the Convention, preserving the freedom to send judicial documents by mail, permits service of process by mail if the recipient State does not object to this method.  *See supra.*

Furthermore, Canada does not object to Article 10(a) of the Convention regarding the use of postal channels.  *See* Declarations, Articles 5, 8, 10, 11, 12, 15,16, 2, Hague Conference on Private Int'l Law (Jan. 9, 2012), http://www.hcch.net/index_en.php?act=status.comment&csid=392&disp=resdn (declaring, in reference to Article 10(a), that "Canada does not object to service by postal channels" and "Canadian law allows the use of postal channels to serve Canadian documents").

Accordingly, the Court finds that direct service upon Bitton pursuant to Rule 4(f)(2)(C)(ii) is not prohibited by the Convention or Canadian law, and that therefore service upon Bitton via Fedex is permissible pursuant to Rule 4(f)(2)(C)(ii).

### b.  Service on Truc in Vietnam

Vietnam is not a signatory to the Hague Convention.  *See generally* Status Table, Hague Conference on Private Int'l Law (Jan. 9, 2012), http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (listing member States); *Gannon Int'l Ltd. v. Blocker*, No. 4:10-cv-0835, 2011 WL 111885, at *5 (E.D. Mo. Jan. 13, 2011) ("Vietnam is not a signatory to the Hague Convention.") (citation omitted).  Thus, there is "no internationally agreed means" within the language of Rule 4(f)(2), and service may be made by mail pursuant to Rule 4(f)(2)(C)(ii) provided that Vietnamese law does not prohibit service in that manner.  *See Gannon*, 2011 WL 111885, at *5 (noting no internationally agreed means, and applicability of Rule 4(f)(2) to service of process in Vietnam).  TracFone has attached evidence to the present Motion, including relevant provisions of Vietnamese Law on Judicial Assistance and Civil Procedure Code and a sworn declaration of TracFone's attorney, indicating that Vietnamese law does not prohibit service of process under Rule 4(f)(2).  *See* Pl.'s Mot. Exs. D, D-1.  *Cf. Gannon*, 2011 WL 111885, at *5–6 (citing same provisions to hold that Vietnamese law does not prohibit service of complaint under Rule 4(f)(2)(C)(i)).

### c.  Conclusion: Service via Rule 4(f)(2)(C)(ii)

Based on the foregoing, the Court finds that direct service upon both Defendants via mail is permissible under both international law (where applicable) and the laws of Canada and Vietnam. Rule 4(f)(2)(C)(ii) provides that service in this manner may be made by "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."  Fed. R. Civ. P. 4(f)(2)(C)(ii).  This Court has recently permitted such service to occur through various postal methods,

including FedEx. *See Sunstrike*, 273 F.R.D. at 699 (permitting service by mail pursuant to Rule 4(f)(2)(C)(ii) to occur via FedEx); *Bequator*, 717 F. Supp. 2d at 1310 ("The Court thus finds that serving [defendant] with a copy of the Summons and Complaint sent via international express mail and via FedEx . . . at its headquarters, is permissible pursuant to [Rule 4(f)(2)(C)(ii)]."). As the Rule states, the Clerk must initiate the service. Accordingly, the Court finds that serving Defendants with process via international FedEx directed to Defendants is permissible pursuant to Rule 4(f)(2)(C)(ii). TracFone shall deliver the required documents to the Clerk's office **within seven (7) days of this Order.** TracFone shall ensure that the Clerk has the requisite prepaid and preaddressed envelopes to carry out the requirements of this Order.

### IV. RULE 4(f)(3) SERVICE ON BOTH DEFENDANTS

Finally, TracFone moves to attempt service service via FedEx directly on both Defendants sent by TracFone pursuant to Federal Rule of Civil Procedure 4(f)(3), and service via email to Truc sent by TracFone pursuant to Rule 4(f)(3). Rule 4(f)(3) provides that service may be made "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy. *See Brookshire Bros., Ltd. v. Chiquita Brands, Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("Rule 4(f) gives litigants choices for acceptable methods of service . . . . The invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief."); *see also Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections . . . and certainly . . . includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."). Moreover, in the present Motion TracFone requests to attempt service by all three available methods under Rule 4(f). Thus, so long as the requested means are not prohibited by international agreement, a court has discretion to determine that an alternative means of service is appropriate pursuant to Rule 4(f)(3).

However, "alternate methods of service under Rule 4(f)(3) must still fulfill due process requirements." *Chanel, Inc.v. Zhixian*, No. 10- 60585-CIV, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010) (citing *Chanel, Inc. v. Lin,* No 08-23490-CIV, 2009 WL 1034627 (S.D. Fla. Apr. 16, 2009)).

The Supreme Court, discussing the due process rationale behind Rule 4, stated that due process requires that notice be

> reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Zhixian,* 2010 WL 1740695, at *3 (citing *Mullane* as providing due process standard for alternative service under Rule 4(f)(3)); *Lin*, 2009 WL 1034627, at *2 (same); *Brookshire*, 2007 WL 1577771, at *1 (same). Exercising this standard, federal courts have allowed a wide array of methods of service. *See U.S. Commodity Futures Trading Comm'n v. Aliaga,* 272 F.R.D. 617, 621 (S.D. Fla. 2011) (authorizing service via email and local counsel pursuant to Rule 4(f)(3)); *TracFone Wireless v. Distelec Distribuciones Electronics, S.A. de DV*, 268 F.R.D. 687, 690–91(S.D. Fla. 2010) (authorizing service via FedEx pursuant to Rule 4(f)(3) where not expressly prohibited by Honduran law); *Zhixian*, 2010 WL 1740695, at *3 (authorizing service via email pursuant to Rule 4(f)(3)); *Brookshire*, 2007 WL 1577771, at *1 (upholding authorization of service through local counsel); *In re Int'l Telemedia Assoc.*, 245 B.R. 713, 719 – 20 (Bankr. N.D. Ga. 2000) (authorizing service via mail, fax, and email pursuant to Rule 4(f)(3)).

  a. Via FedEx

As set forth above regarding Rule 4(f)(2)(C)(ii), direct service via FedEx upon Defendants is not prohibited by the Convention, Canadian law, or Vietnamese law. *See supra.* No other international agreements appear to apply in this case. As such, no international law prohibits TracFone from serving Defendants via FedEx pursuant to Rule 4(f)(3).

Federal courts have also found that service via FedEx comports with the due process requirement for alternative service pursuant to Rule 4(f)(3). *See Distelec*, 268 F.R.D. at 690–91 (authorizing service via FedEx); *see also Marks v. Alfa Group*, 615 F. Supp. 2d 375, 379 (E.D. Pa. 2009) (finding service via FedEx permissible under Rule 4(f)(3)); *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. Tamraz*, No. 97-4759, 2006 WL 1643202, at *6 (directing service via FedEx pursuant to Rule 4(f)(3); *cf. Mainstream Media, EC v. Riven*, No. 08-3623, 2009 WL 2157641 (N.D. Cal. July 17, 2009) (noting prior authorization of service via FedEx pursuant to Rule 4(f)(3)).

TracFone has included a sworn statement in its Motion that FedEx operates in Canada and Vietnam, and that based upon consultation with FedEx, TracFone believes that a document sent via FedEx from Miami, Florida can be delivered to Canada and Vietnam within three business days.  Pl.'s Mot. Ex. D.  Under these circumstances, it appears that service via FedEx will be an efficient means of notification to Defendants.

The Court is satisfied that service upon Defendants via FedEx is reasonably calculated to notify Defendants of the pendency of this action and provide them with an opportunity to present objections, and this alternative means of service comports with due process requirements.

   b.   *Via email*

As stated above regarding Rule 4(f)(2)(C)(ii), no applicable international agreement exists between the United States and Vietnam governing service of legal documents abroad.  *See supra.*  As such, no international law prohibits TracFone from serving Truc in Vietnam via email pursuant to Rule 4(f)(3).

As to the due process requirements, federal courts in this District and others have authorized service via email pursuant to Rule 4(f)(3).  *See Commodity Futures*, 272 F.R.D. at 621 (authorizing service via email pursuant to Rule 4(f)(3) where plaintiff attempted service by other means and confirmed email addresses); *Zhixian*, 2010 WL 1740695, at *3 (authorizing service via email pursuant to Rule 4(f)(3) where emails did not automatically bounce back); *see also Rio Props.*, 284 F.3d at 1017 (finding email service pursuant to Rule 4(f)(3) permissible and meeting due process standard where defendant indicated preference for email communication and where email was determined to be method most likely to reach defendant); *Xcentric Ventures, LLC v. Karsen, Ltd.*, No. 11-1055, 2011 WL 3156966, at *2 (D. Ariz. Jul. 26, 2011) (authorizing email service pursuant to Rule 4(f)(3)).  Notably, Plaintiff's attorney states in his sworn declaration that he has had several email communications with Truc at the email address tntrungtruc@hotmail.com.  Pl.'s Mot. Ex. D, D-2.  Under these circumstances, the Court is satisfied that service upon Truc via email is reasonably calculated to apprise Truc of the pendency of this action and afford an opportunity to present objections, satisfying due process.

## V. PROOF OF SERVICE PURSUANT TO RULE 4(l)(d)(B)

Federal Rule of Civil Procedure 4(l)(2)(B) provides that proof of service outside of the United States under Rule 4(f)(2) or (f)(3) must be proven by "a receipt signed by the addressee, or by other evidence statisfying the court that the summons and complaint were delivered to the addressee." The Court finds that TracFone may file a copy of the FedEx "proof of signature" or email delivery confirmation (or substantially equivalent documents) as proof that service has been effectuated via FedEx and email. *See Sunstrike*, 273 F.R.D. at 699 (finding same); *Bequator*, 717 F. Supp. 2d at 1310 (finding same).

## VI. DEADLINE FOR RESPONSE PURSUANT TO RULE 12(a)(1)(A)

Federal Rule of Civil Procedure 12(a(1)(A) provides that, unless another time is specified by the Rules or federal statute, the time for serving a responsive pleading is twenty-one days after being served with the summons and complaint. As such, Defendants' Responses to TracFone's First Amended Complaint shall be due **twenty-one (21) days** after their respective receipt of the copy of the Summons and First Amended Complaint. *See Bequator*, 717 F. Supp. 2d at 1310 (holding same).

## VII. CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that Plaintiff's Motion (ECF No. 17) is **GRANTED** as follows:

1. Pursuant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the Clerk of this Court is **DIRECTED** to deliver, via international express mail, two (2) copies of: (1) TracFone's First Amended Complaint; (2) Summons to Defendants Isaac Bitton and Trung Truc; (3) Civil Cover Sheet; (4) USM-94, "Request for Service Abroad of Judicial or Extrajudicial Documents," which is to be executed by the Clerk; (5) Summary of the Documents to be Served; (6) this Order; and (7) Declaration of Aaron S. Weiss to the Quebec Central Authority, c/o Pierre-Luc Gagné, Direction des services professionnels, Entraide international, Ministère de la Justice, 1200 route de l'Église, 23 étage, Québec (Québec) G1V 4M1.

2. Pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), the Clerk of this Court shall serve Defendants Isaac Bitton and Trung Truc, by sending via international FedEx one (1) copy of:

(1) TracFone's First Amended Complaint; (2) Summons to Defendants Isaac Bitton and Trung Truc; (3) Civil Cover Sheet; (4) this Order; and (5) Declaration of Aaron S. Weiss, along with a cover letter provided by TracFone; to Defendants at the following addresses:

    a. Isaac Bitton
       615 Abbott
       Montreal, Quebec H4M1W8

    b. Trung Truc
       92 Duong 5 Binh Tan
       Ho Chi Minh
       Vietnam

    c. Trung Truc
       42/01 Hung Vuong .Q 11
       Ho Chi Minh
       Vietnam

    d. Trung Truc
       2850 KP3 Vung Tau
       Vung Tau
       Vietnam

3. Pursuant to Federal Rule of Civil Procedure 4(f)(3), TrafFone may serve Defendants Isaac Bitton and Trung Truc by sending via FedEx one (1) copy of: (1) TracFone's First Amended Complaintp (2) Summons to Defendants Isaac Bitton and Trung Truc; (3) Civil Cover Sheet; (4) this Order; and (5) Declaration of Aaron S. Weiss; to Defendants at the following addresses:

    a. Isaac Bitton
       615 Abbott
       Montreal, Quebec H4M1W8

    b. Trung Truc
       92 Duong 5 Binh Tan
       Ho Chi Minh
       Vietnam

    c. Trung Truc
       42/01 Hung Vuong .Q 11
       Ho Chi Minh
       Vietnam

      d. Trung Truc
         2850 KP3 Vung Tau
         Vung Tau
         Vietnam

4. Pursuant to Federal Rule of Civil Procedure 4(f)(3), TracFone may serve Defendant Truc by sending via email one (1) copy of: (1) TracFone's First Amended Complaint; (2) Summons to Defendants Isaac Bitton and Trung Truc; (3) Civil Cover Sheet; (4) this Order; and (5) Declaration of Aaron Weiss; to Defendant Trung Truc at the following address:

      tntrungtruc@hotmail.com

5. TracFone may file a copy of the FedEx "proof of signature" or email delivery confirmation (or substantially equivalent documents) as proof that service has been effectuated on Defendants via FedEx and email pursuant to Federal Rule of Civil Procedure 4(l)(2)(B).

6. Pursuant to Federal Rule of Civil procedure 12(a)(1)(A), Defendants' Responses to TracFone's First Amended Complaint shall be due **twenty-one (21) days after receipt** of the copy of the Summons and First Amended Complaint.

7. TracFone is **DIRECTED** to deliver the required documents to the Clerk's office within **seven days of this Order**. TracFone shall ensure that the Clerk has the requisite prepaid and preaddressed international express mail and FedEx envelopes to carry out the requirements of this Order at TracFone's expense, as well as the service fee payable to the Ministere des Finances du Quebec.

**DONE and ORDERED** in chambers, at Miami, Florida, on January 10, 2012.

                              _____
                              **ROBERT N. SCOLA, JR.**
                              **UNITED STATES DISTRICT JUDGE**

Copies to:
Designated U.S. Magistrate Judge
Counsel of record